UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FRANK DIAZ,

                Plaintiff,

-against-

CITY OF NEW YORK
DEPARTMENT OF SANITATION,

                Defendant.
-----------------------------------------------------------x

06 CIV. 2537

VERIFIED COMPLAINT
AND JURY TRIAL DEMAND

Index No.

Assigned Judge: BRIEANT

Plaintiff Frank Diaz, by and through his attorney, Paul N. Cisternino, as and for his complaint, alleges as follows:

## INTRODUCTION

1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.*, and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3. Plaintiff alleges herein that he was subjected to discrimination and denied the equal terms, conditions and privileges of employment based on race/national origin.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and his complaint was dual filed with the New York State Division of Human Rights. Plaintiff requested and received a written dismissal from the U.S. Department of Justice, a copy of which has been annexed hereto; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Plaintiff is a fifty-two year-old Hispanic male of Puerto Rican national origin.

8. Upon information and belief Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq*.

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. Plaintiff has been employed by the Department of Sanitation since 1986.

11. Plaintiff has held the position of General Superintendent Level I ("GS I") since August 2000.

12. During the relevant period, Plaintiff's direct supervisor has been Brian Light (white male).

13. During his period of employment as a GS I, Plaintiff has always performed his job duties in a competent and professional manner; his time and attendance has also been excellent.

14. Throughout his period of service to the Department Plaintiff has received many commendations for outstanding performance and dedication to the job.

15. In October 2004 Plaintiff submitted all the required materials and applied for a promotion to General Superintendent Level II ("GS II"); however, he was not selected and was not given an adequate explanation why.

16. Upon information and belief, Plaintiff has repeatedly been passed over for promotion by less qualified, non-Hispanic employees.

17. For example, a Mr. Bonacorsa (upon information and belief, white male) who had been promoted to GS I at the same time Plaintiff was, was promoted to GS II ahead of Plaintiff in October 2004, even though Plaintiff was better qualified.

18. The promotion to GS II would've provided Plaintiff with an approximately $30,000 salary increase.

19. Plaintiff has met and exceeded the requirements for the promotion to GS II; upon information and belief, Plaintiff and other Hispanics are being illegally denied promotions to the Department's higher levels based on race/national origin.

20. Upon information and belief, the higher level positions in the Department are staffed approximately staffed 95% by Caucasians; Hispanics are blocked from these positions.

21. In years 2003 and 2004 Plaintiff was rated "superior" by Mr. Light; a rating of "superior" for two consecutive years is required for being considered for promotion; additionally, promotions at this level require face-to-face interviews.

22. However, Mr. Light initially rated Plaintiff only "satisfactory" on his 2004 evaluation; it was changed to "superior" when it was learned that Plaintiff would be pursuing an internal EEO complaint.

23. Because he thought the evaluation and denials of promotions were racially biased, Plaintiff complained about it to EEO Director Fernando Camacho in January 2005; Plaintiff also complained at that time about promotional opportunities being denied to Hispanic employees.

24. After claiming to have "looked into the matter," the EEO office failed to make a finding.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON RACE/NATIONAL ORIGIN UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

25. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "24" as though fully set forth herein.

26. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights in that Plaintiff was disparately treated and illegally denied promotions for which he was better qualified, based on his race and/or national origin.

27. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON RACE/NATIONAL ORIGIN UNDER NEW YORK EXECUTIVE LAW §290

28. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" as though fully set forth herein.

29. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law in that Plaintiff was disparately treated and illegally denied promotions for which he was better qualified, based on his race and/or national origin.

30. As herein described, the Defendant acted with malice or with reckless

5

disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Frank Diaz, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated:  White Plains, New York
        March 30, 2006

> Law Office of Paul N. Cisternino, P.C.
> *Attorneys for Plaintiff*
> By: _____
>        Paul N. Cisternino (PC0317)
> 701 Westchester Avenue  Suite 308W
> White Plains, New York  10604
> (914) 997-0303

## VERIFICATION

STATE OF NEW YORK          )
                           ) SS:
COUNTY OF WESTCHESTER      )


FRANK DIAZ, being duly sworn, deposes and says:

I am the Plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

*Frank Diaz*
FRANK DIAZ

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires 3/1/07

Subscribed and sworn to before me this
27th day of March, 2006.

_____
Notary Public

7



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
3510 4051

950 Pennsylvania Avenue, N.W.
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

March 6, 2006

Mr. Frank Diaz
c/o Paul N. Cisternino, Esquire
Law Office of Paul N. Cisternino
Attorneys at Law
701 Westchester Ave. Ste. 308W
White Plains, NY 10604

Re:  EEOC Charge Against New York City Department of Sanitation
     No. 160200503666

Dear Mr. Diaz:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by  *Karen J. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  New York District Office, EEOC
     New York City Department of Sanitation